```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
CLODAGH BROWN                              :
                                           :
                                           :    06 Civ. 8148 (HB)
                    Plaintiff,             :
                                           :    OPINION & ORDER
          -against-                        :
                                           :
STEVE A. GABBIDON                          :
                                           :
                    Defendant.             :
-----------------------------------------------------X
```

**Hon. Harold Baer, Jr., District Judge:**

In this diversity action, Plaintiff Clodagh Brown moves this Court for a default judgment against Defendant Steve A. Gabbidon pursuant to Fed. R. Civ. P. 55(b). In turn, Defendant moves pursuant to Rule 55(c) to vacate the entry of the default in this case. For the reasons stated below, Defendant's motion to vacate the entry of default is denied, and Plaintiff's motion for default judgment is granted. The judgment will be granted following an inquest pursuant to Fed. R. Civ. P. 55(b).

## I.    FACTUAL BACKGROUND

On September 10, 2006, at approximately 5:00 a.m, at Ninth Avenue and 16th Street, the Plaintiff, Clodagh Brown, a citizen of Ireland, was struck by a motor vehicle owned and operated by the Defendant, Steve A. Gabbidon, a citizen of the state of New Jersey. Compl. ¶¶ 2, 7. Plaintiff alleges she was lawfully in the crosswalk on Ninth Avenue when she was struck by Defendant's motor vehicle, and the accident and resulting injuries suffered were solely due to the carelessness, recklessness, and negligence of the Defendant, "without any culpable conduct on the Plaintiff's part." Id. ¶¶ 9,10. Defendant was found to be legally intoxicated after he failed to yield the right of way to Plaintiff and struck her with his motor vehicle. Id. ¶ 11. The Police Report, Ex. E, shows Defendant failed a sobriety test with a .139 BAC. The Report goes on to read that the Defendant "struck two pedestrians, breaking the windshield of his vehicle, and fled

the scene of the accident." Plaintiff seeks compensatory damages in the amount of ten million dollars, punitive damages, costs and expenses.[1]

Plaintiff commenced this action on October 4, 2006, and served Defendant with a summons and complaint on October 21, 2006. Defendant's answer was due on or before November 10, 2006. On January 5, 2007, just shy of two months after the answer was due, this Court held a pretrial conference. Only Plaintiff appeared at the conference and informed the Court that Defendant had not yet answered. At the conference, the Court invited Plaintiff to file a default with the Clerk and move for a default judgment against Defendant. On January 10, 2007, exactly two months after the return date for the answer, Plaintiff requested an extension of time to move for a default judgment because she wished to subpoena a third party witness for purposes of the inquest. On January 22, 2007, the Clerk of the Court entered a default in this case pursuant to Rule 55(a). See Decl. of Steven Martin Ex. C, Clerk's Certificate. On February 10, 2007, Defendant personally accepted service of Plaintiff's motion for default judgment; on February 13, 2007, it was filed with the Court.[2] On March 7, 2007, Plaintiff provided an update (via letter to the Court) regarding the status of Mr. Gabbidon's criminal case. Still there was no word from Defendant.

Thereafter, on March 14, 2007, four months after the deadline for filing an answer in this case, the Court received a phone call from Shaun Hogan notifying the Court that he had been retained by Defendant and would oppose the motion for default judgment. The Court informed Mr. Hogan of the procedure for requests and communication with chambers and asked that he fax a letter to the Court with his request. The Court received a faxed letter from Mr. Hogan that afternoon which noted his representation of Defendant, explained the reasons for delay, and requested that the Court afford him time to answer and oppose the motion for default judgment. In response, Plaintiff's counsel faxed a letter to the Court on March 15, 2007, strongly opposing Mr. Hogan's requests, arguing that no "good cause" had been shown in accordance with the requirements in this Circuit, and urging the Court to direct the Clerk to enter a default judgment against Defendant. The Court scheduled a second pretrial conference in this case for March 29, 2007 to discuss the issues raised by counsel. Both parties were represented at this conference.

---

[1] Defendant has also been charged criminally with vehicular assault in the second degree, leaving the scene of the accident without reporting, and two counts of operating a motor vehicle while under the influence of alcohol. Decl. of Steven Martin, Ex. F, State of New York, Grand Jury Indictment.

[2] Although the motion was made returnable on February 25, 2007, this Court generally allows additional time, to ensure notice and, in the interests of justice, afford defendants time to respond and appear in a case.

The Court orally ordered that the Defendant be given an opportunity to oppose the default judgment, that the motion be fully briefed by the beginning of May, and that the parties appear on May 3, 2007 for oral argument on the motion for default judgment and any request to vacate the default. Defendant filed his Opposition to Plaintiff's Motion for Default Judgment on April 6, 2007, served on Plaintiffs on April 9, 2007. On April 10, the Court received a telephone call and follow-up fax from Plaintiff's counsel requesting an extension to file a Reply in support of its motion for default judgment, which the Court granted and ordered that the Reply be filed no later than April 23, 2007. I heard oral argument on May 3, 2007.

## II.    STANDARD OF REVIEW

Pursuant to Rule 55(b), once a defendant fails to file a responsive answer, he or she is in default and an entry of default may be made by either the clerk or the judge.[3] *See Meehan v. Snow,* 652 F.2d 274, 276 (2d Cir. 1981) (per curiam) ("The procedural steps contemplated by the Federal Rules of Civil Procedure following a defendant's failure to plead or defend as required by the Rules begin with the entry of a default by the clerk upon plaintiff's request. Rule 55(a). Then, pursuant to Rule 55(c), the defendant has an opportunity to seek to have the default set aside. If that motion is not made or is unsuccessful, and if no hearing is needed to ascertain damages, judgment by default may be entered by the court or, if the defendant has not appeared, by the clerk. Rule 55(b)."). In considering a motion for default judgment, "the court will treat the well-pleaded factual allegations of the complaint as true, and the court will then analyze those facts for their sufficiency to state a claim." *Sony Pictures Home Entm't, Inc. v. Chetney*, 2007 U.S. Dist. LEXIS 13314, 4-5 (S.D.N.Y. 2007) (citations omitted).

Although Defendant Gabbidon in this case did not formally move to vacate the default, the Second Circuit has held that "opposition to a motion for a default judgment can be treated as a motion to set aside the entry of a default, despite the absence of a formal Rule 55(c) motion." *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981). At such a hearing, the burden of proof is

---

3 Rule 52(b): Judgment:
    (1) *By the Clerk*. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.
    (2) *By the Court*. In all other cases the party entitled to a judgment by default shall apply to the court therefore. . . . If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper. . .

shifted from the Plaintiff to the Defendant.  Decisions to vacate an entry of default are within the discretion of the court, and any doubts should be resolved in favor of a trial on the merits. *See Meehan v. Snow,* 652 F.2d 274, 276-77 (2d Cir. 1981). Rule 55(c) provides than an entry of default may be set aside "for good cause shown," and the Second Circuit teaches that courts are to consider the following three factors: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).  Each of these factors *must* be considered by the Court.  *Commercial Bank of Kuwait v. Rafidain Bank*, 15 F.3d 238, 243 (2d Cir. 1984).  The Court may also consider relevant equitable factors such as whether failure to file the answer was "a mistake made in good-faith and whether the entry of default would bring about a harsh or unfair result." *Enron Oil*, 10 F.3d at 96.

### III.   DISCUSSION

The Court considers two motions in this instance, Plaintiff's motion for default judgment pursuant to Rule 55(b), and treats Defendant's opposition as a motion to vacate the default pursuant to Rule 55(c).

### A.   Defendant's Motion to Vacate the Entry of Default

While the "good cause" standard of Rule 55(c) is generally more liberal than the standards for vacating a default judgment pursuant to Rule 60(b) (*Randazzo v. Sowin*, No. 97-CV-0967, 1998 U.S. Dist. LEXIS 10487, *6 n.1 (S.D.N.Y. Jul. 10, 1998)), and there is a strong preference for resolving disputes on their merits (*Pecarsky v. Galaxiworld.Com Ltd.*, 249 F.3d 167, 175 (2d Cir. 2001)), the facts of this case warrant entry of a default judgment.  As I expressed at oral argument, the fatal defect in Defendant's opposition is the lack of an articulable meritorious defense, or for that matter, any other defense at all.  The other two factors—willfulness and prejudice—give me less pause, but, for the sake of completeness, I will discuss my reasoning.

#### i.   Willfulness

Defendant contends his failure to respond to the summons and complaint in due course was not willful but simply harmless error because he mistakenly believed this civil action was stayed pending resolution of his criminal action.  Aff. of Steve A. Gabbidon, at ¶ 6, 10.  Defendant states that it is only when he received a copy of the motion for default judgment that he began to question his prior thinking and search for a lawyer.  Id. at ¶ 7.  Further, Defendant

4

states his delay in retaining a lawyer was the result of his lack of financial resources and the birth of his son in mid-February.  Id. at ¶ 8-9.

Plaintiff argues that Defendant's failure to appear in this case was willful—the Defendant has admitted receipt of the summons and complaint and the motion for a default judgment and has offered this Court no "good excuse" for the delay in responding to the Complaint.  In addition, Plaintiff compares Mr. Gabbidon to a defendant in a recent case in this district, *Todtman, Nachamie, Spizz & Johns, P.C. v. Ashraf*, 2006 U.S. Dist. LEXIS 72711, *8 (S.D.N.Y. Oct. 2006) who also failed to appear due to an alleged misunderstanding as to his legal obligation, and like Mr. Gabbidon, was originally *pro se*.  Plaintiff urges this Court to follow Judge Haight's lead and find Defendant's reasons "patently insufficient."  Plaintiff's Reply Affirmation at ¶ 6.

Guided by the Second Circuit's instruction (*Meehan,* 652 F.2d at 276-77), in an abundance of caution, and in the interests of justice, I give Mr. Gabbidon the benefit of the doubt here and hold that his *five-month* delay in appearing in this case was not willful.

ii.  Prejudice

In deciding whether to vacate a default judgment, the court must also consider the level of prejudice the plaintiff (non-defaulting party) will suffer if the motion to vacate is granted.  Plaintiff can demonstrate prejudice by showing her "ability to pursue the claim has been hindered since the entry of the judgment" or by "the loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment."  *Farrell v. County Van & Storage, Inc.*, 1996 WL 705276, at *3 (E.D.N.Y. Nov. 25, 1996).

Defendant argues that there is little or no prejudice to the Plaintiff and cites *Anderson v. Jost*, No. 91-CV-1014, slip.op. at 3 (E.D.N.Y. Jun. 22, 2004) for the proposition that where Plaintiff could not show resulting prejudice from Defendant's delay (an eight-month delay), the court should not enter a default judgment.  In turn, Plaintiff attempts to distinguish *Jost* from the instant case by reference to Mr. Gabbidon's "extensive criminal history" and the fact that he fled the scene after striking two pedestrians. On balance, I find that Plaintiff would not be prejudiced in any substantial way should the default be vacated.

iii.  Meritorious Defense

Federal Rule 55(c) gives courts discretion to vacate a default after a showing by the movant of "good cause."  The New York Court of Appeals has recently held that "where a statute or court rule prescribes a limited time frame in which to take a procedural step in

5

litigation, and states that a party's failure to act within that time frame will be excused only upon a showing of 'good cause,' such a showing requires a demonstration, as the dissent writes, 'more . . . than [the] merit . . . [of] the underlying application and a lack of prejudice to the other party.'" *Farkas v. Farkas*, 2007 NY Slip Op 3762, 1 (N.Y. App. Div. 2007). It is undisputed that Defendant received ample notice, had sufficient time to defend this action and chose not to: (1) he accepted service of the summons and complaint on October 21, 2006, (2) he received notice of the first pretrial conference in this case held on January 5, 2007, (3) he personally accepted service of Plaintiff's motion for default judgment on February 10, 2007, (4) on February 13, 2007, three days after he accepted service of Plaintiff's motion for default judgment, Plaintiff officially filed the motion for default judgment with the Court,[4] (5) on March 29, the Court granted leave for Defendant to oppose the motion for default judgment and move to vacate the default, and (6) on May 3, the Court afforded Defendant an opportunity to argue his request to vacate the entry of default and oppose the motion for default judgment.

While Defendant's failure to respond may not have been willful and vacating the default may not prejudice the Plaintiff, Defendant must demonstrate something more—i.e., a meritorious defense. It is well-established in this Circuit and this state that "[a] defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense." *Enron Oil Corp*, 10 F.3d at 98; *Sony Corp. v. Elm State Electronics, Inc.*, 800 F.2d 317, 320-21 (2d Cir. 1986) (holding that district court did not abuse its discretion when it denied motion to vacate default because the "moving party on a motion to reopen a default must support its general denials with some underlying facts" and affidavits filed by movant were "no more than sworn conclusory denials [which] were properly held to be insufficient."); *Wilcox v. Parkland Dev. Corp.*, 157 A.D.2d 998, 999 (N.Y. App. Div. 1990) ("To be successful on its motion, defendant is required to establish a meritorious defense."). Further, the test for a meritorious defense "is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Enron Oil Corp*, 10 F.3d at 98; *New York v. Green*, 2004 U.S. Dist. LEXIS 11624 (W.D.N.Y. 2004) ("The existence of a meritorious defense is a critical factor because, without a valid

---

[4] Plaintiff provided Defendant with more notice than he was due. According to Fed. R. Civ. P. 55(b), a plaintiff is required to provide at least three days notice to a defendant *who has appeared* in a case. *See, e.g., New York v. Green*, 420 F.3d 99, 105 (2d Cir. 2005) ("By its terms, Rule 55(b)(2) requires advance written notice only if the party against whom a default judgment is sought has "appeared in the action." . . . Ordinarily, an appearance in an action requires a formal submission to the Court."). Here, as of February 10, 2007, Mr. Gabbidon had not "appeared" in this case (there was no communication with the Plaintiff or counsel and he had not filed an answer).

defense, there is no point in setting aside the default judgment.") (internal quotation and citation omitted).

Defendant's failure to articulate a meritorious defense dooms the Defendant's motion. While Defendant properly identifies controlling case law, albeit in string cites, he discusses only two of the three determinative factors[5] (willfulness and prejudice), and he ***never*** mentions the third factor (i.e., a "meritorious defense"), indeed, because he has no meritorious defense to mention.  At oral argument, when asked about his failure to address this issue, Defendant responded that he did not need to address it because it was not mentioned in Plaintiff's moving papers.  Unfortunately for Defendant, leaving controlling precedent aside, in counsel's response letter to the Court dated March 15, 2007 (one day after Defendant appeared through counsel in this case), Plaintiff clearly and unequivocally cites all three factors set forth by the Second Circuit ***and*** argues the applicability of all three factors to the instant case.  See March 15 Letter from Peter James Johnson of Leahy & Johnson ("Three criteria have been established that must be assessed in order to decide whether to relieve a party from default or a default judgment. These widely accepted factors are (1) whether the default was willful, (2) whether setting aside the default would prejudice the adversary, and (3) whether a meritorious defense is presented."). Indeed, Plaintiff logically did not address the three factors in her original motion and it would have been premature if she had.  A discussion of prejudice, willfulness and meritorious defenses is required once there is an entry of default or a default judgment and the court considers a request by a defaulting party to vacate that entry pursuant to Rules 55(c) or 60(b).

Further, Defendant claims that he is entitled to defend this action on the merits because there may be a question as to Ms. Brown's culpable conduct, but again, it is all sound and fury signifying nothing.  There is no support in the record for such allegations.  Mr. Gabbidon chose not to brief this issue in his Opposition (although required to under governing law) and did not file an answer until May 4, 2007.[6]  Further, Mr. Gabbidon's Affidavit submitted by counsel relates solely to his delay in responding to this action (willfulness), and the absence of prejudice to Ms. Brown.  There is no reference to a meritorious defense.  *See, e.g., Wilcox,* 157 A.D.2d at

---

[5] Although vactur is within my discretion and involves consideration, weighing and balancing of several factors, the three factors always considered and relied upon in this Circuit are willfulness, meritorious defense, and prejudice to the non-moving party.

[6] During oral argument, Defendant's counsel suggested that this Court "strongly dissuaded" him from answering the Complaint.  Not only is that poppycock but he went on to say that his answer had it been filed would have been (and, in fact, is) no more than general denials" which would not have (and did not) shed much light on the existence of a "meritorious defense" in this case.

999 ("The one affidavit addressing the liability issue . . . does no more than imply that plaintiff may be guilty of contributory negligence because she entered an area which was under construction.").

Therefore, the only information I have to go on is the assertion by counsel during oral argument that Ms. Brown must have been up to no good since she was out at 5 a.m. on a Sunday morning approximately forty blocks from her residence.  As the Plaintiff and the Second Circuit in *Enron* and *Sony*, have made clear, unverified, conclusory allegations are not enough to presume Ms. Brown was contributorily negligent or raise a doubt in mind in favor of opening this default, and therefore, Defendant's motion to vacate the default is denied.

**B.     Plaintiff's Motion for Default Judgment**

Turning to Plaintiff's motion for a default judgment and, pursuant to controlling case law, I take Ms. Brown's allegations in the Complaint as true for purposes of this motion.  For Ms. Brown to prevail on a claim of negligence under New York law,[7] she must prove that: (1) defendant owed plaintiff a duty of care; (2) defendant breached that duty; and (3) the breach proximately caused plaintiff's injuries. *Kane v. United States*, 189 F. Supp. 2d 40, 51 (E.D.N.Y. 2002).

Mr. Gabbidon, as the operator and owner of a motor vehicle, owed Ms. Brown a duty of reasonable care to yield and avoid hitting her. *See, e.g., id.* at 53 ("[Defendant driver] owed [Plaintiff pedestrian] a duty to use reasonable care to avoid hitting her.").  The police report[8] and supporting documents submitted in conjunction with Ms. Brown's complaint and motion for default (including Plaintiff's Affidavit) state that Mr. Gabbidon was driving while intoxicated, struck Ms. Brown and another pedestrian with his motor vehicle while they were in the crosswalk, fled the scene, and was apprehended a few blocks away.  "As a result of the accident," Ms. Brown sustained "serious and permanent injuries" including but not limited to a fractured clavicle and sequelae.  Although defendant's driving while intoxicated constitutes negligence per se under New York law, his intoxication, without a showing of causation, cannot provide a basis for liability on its own. *Wallace v. Terrell*, 295 A.D.2d 840, 841 (N.Y. App. Div. 2002).  However, taking Plaintiff's Affidavit, the Complaint, and supporting documents to be

---

[7] Neither party contests diversity jurisdiction, venue, or choice of law in this case because the accident occurred in New York, between diverse parties, in this district.

[8] While the admissibility of the police report may become an issue later in the proceedings had this case proceeded to trial, at this stage, it tends to support the allegations stated in the Complaint and does not support a defense of comparative negligence.

true, Plaintiff was lawfully in the crosswalk when Defendant's car hit her, and as a result of the impact with Ms. Brown's person, Defendant's windshield shattered. Plaintiff has alleged facts sufficient to support a finding of negligence and Defendant's mere suggestion of Plaintiff's contributory negligence is insufficient to overcome the presumed validity of the allegations in the Complaint.

Defendant's assertion during oral argument that the entry of default will preclude him from raising contributory negligence is not entirely correct. While the Defendant will be precluded from disputing liability (see *Greyhound Exhibitgroup v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 159 (2d Cir. 1992) ("Where it is properly alleged in a complaint, proximate cause—going to liability—is completely and irrefutably established upon the defendant's default."), he is not precluded from raising contributory negligence to mitigate damages at the inquest. *Id.* at 159 (describing the fine line between liability and damages). Thus, the entry of a default judgment in this case establishes the existence of liability but does not foreclose the damage issue.

## IV.   CONCLUSION

For the foregoing reasons, I find that Defendant has not established a meritorious defense to warrant vacatur of the entry of default, and thus, Defendant's motion to vacate the entry of default is DENIED. Further, Plaintiff's motion for a default judgment is GRANTED. This case is referred to Magistrate Judge Eaton for an inquest on damages.

SO ORDERED.
May 14, 2007
New York, New York

U.S.D.J.

9